Willard C. Howe, Defendant in Error, v. Charles C. O'Neill and John J. O'Neill, copartners, trading as American Storage Furniture & Express Company, Plaintiffs in Error.

### Gen. No. 22,104. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed on remittitur. Opinion filed March 20, 1917.

### Statement of the Case.

Action by Willard C. Howe, plaintiff, against Charles C. O'Neill and John J. O'Neill, copartners, trading as American Storage Furniture and Express Company, defendants, to recover damages alleged to have been caused by defendants' negligence in regard to certain furniture, books and other household effects intrusted to defendants for storage and safekeeping. From a judgment for plaintiff for six hundred and fifty dollars, defendants bring error.

GROVER C. NIEMEYER, for plaintiffs in error.

LIPSON & LEVY, for defendant in error.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. WAREHOUSEMEN, § 27*—*when evidence is sufficient to show that damage to goods resulted from negligence of warehouseman.* In an action against a warehouseman for damages for negligence in caring for stored goods, evidence *held* sufficient to sustain a finding that the damage alleged resulted from the negligence of defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. WAREHOUSEMEN, § 25*—*when provision in contract of storage for repair or replacement of injured goods is cumulative remedy.* Where a contract for the storage and safekeeping by defendants of certain goods of plaintiff's provided that in case of breakage or marring of such goods the defendants would repair same, if possible, and, if not, replace them with new goods of same value, *held* that such provision was not mandatory but afforded plaintiff a cumulative remedy to be availed of or not as he saw fit.

3. DAMAGES, § 151*—*when excessive for injury to goods stored with warehouseman.* Damages for six hundred fifty dollars *held* excessive, where the evidence showed that the cost of repairing plaintiff's furniture damaged by defendants' negligence was three hundred fifty dollars, and there was no evidence as to the actual amount of other damages shown, in an action against a warehouseman to recover damages for injuries to a quantity of household goods.